[No. 3193–2. Division Two. May 31, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. FRANK P. ANDERSON, *Appellant*.

*Walter L. Schefter Jr.,* for appellant (appointed counsel for appeal).

*Patrick D. Sutherland, Prosecuting Attorney,* and *George Darkenwald, Deputy,* for respondent.

REED, J.—Frank P. Anderson appeals from a conviction for first–degree robbery, RCW 9A.56.190, and from a finding that he is a habitual criminal under RCW 9.92.090. On due process grounds he challenges the prosecutor's plea bargaining efforts and the trial court's refusal to grant a continuance the day before the trial began. We reject his arguments and affirm the conviction and sentence.

On January 19, 1977, two disguised men robbed a store employee at gunpoint in Olympia. Several weeks later John Balch turned himself in to police and confessed to being one of the robbers. He named Frank Anderson, defendant herein, as accomplice. Both men were charged with first–degree robbery.

On June 18, 1977, Anderson's retained counsel reached a tentative agreement with the Thurston County Prosecutor's office by which Anderson was to plead guilty to second–degree robbery in return for the prosecutor's promise not to file the habitual criminal charge against him. Anderson rejected the tentative agreement, however, and the case was set for trial on the original first–degree robbery charge.

On August 9, 1977, the day before trial was to begin, Anderson informed the trial court that he had fired his retained counsel over a disagreement as to trial strategy. Anderson asked to conduct his defense pro se. After attempting to dissuade Anderson, the court granted the

motion but appointed an attorney to advise Anderson on procedural matters during the trial.

Anderson also asked for a continuance so that he could subpoena and interview four witnesses who were jailmates with him and Balch in the county jail. He said he wanted to show through these witnesses that Balch had admitted falsely accusing him of committing the robbery. The court granted the subpoena but refused to grant the continuance.

A jury convicted Anderson of first–degree robbery. He later was found to be a habitual criminal and sentenced to life imprisonment pursuant to RCW 9.92.090. On appeal Anderson challenges the prosecutor's conduct during the plea bargaining and the court's refusal to grant a continuance the day before trial. We will consider the questions in that order.

### PLEA BARGAINING

■ Anderson argues that his due process rights were violated when the prosecutor forced him to choose between pleading guilty to second–degree robbery or a trial on a first–degree robbery charge, followed by habitual criminal charges upon conviction. We find no due process violation in the prosecutor's conduct. The United States Supreme Court recently approved of this kind of plea bargaining under similar facts in *Bordenkircher v. Hayes,* 434 U.S. 357, 54 L. Ed. 2d 604, 98 S. Ct. 663 (1978). In that case, the defendant refused to take a prosecutor's offer during plea bargaining and was convicted ultimately on both the original felony charge and the habitual criminal charge. The court upheld both convictions, stating at page 364:

> While confronting a defendant with the risk of more severe punishment clearly may have a "discouraging effect on the defendant's assertion of his trial rights, the imposition of these difficult choices [is] an inevitable"— and permissible—"attribute of any legitimate system which tolerates and encourages the negotiation of pleas." *Chaffin v Stynchcombe* [412 U.S. 17, 36 L. Ed. 2d 714, 93 S. Ct. 1977 (1973)], at 31. It follows that, by tolerating and encouraging the negotiation of pleas, this Court has

necessarily accepted as constitutionally legitimate the simple reality that the prosecutor's interest at the bargaining table is to persuade the defendant to forgo his right to plead not guilty.

Here, as in *Bordenkircher,* the simple reality is that the prosecutor hoped to persuade Anderson to forgo his right to plead not guilty. However, the prosecutor had sufficient evidence to bring both the felony and the habitual criminal charges. The prosecutor's discretionary decision to file charges can be overturned by the court pursuant to CrR 8.3(b) only on a showing of arbitrary action or governmental misconduct. *State v. Starrish,* 86 Wn.2d 200, 206, 544 P.2d 1 (1975). We cannot say it was arbitrary in this case for the prosecutor to bring a charge for which there was sufficient evidence. Nor can we find evidence in the record that there was any retaliatory action or government misconduct such as was found in *State v. Swindell,* 22 Wn. App. 626, 630–31, 590 P.2d 1292 (1979). Thus, we are without grounds to question the prosecutor's plea bargaining efforts with Anderson. *See State v. Taylor,* 22 Wn. App. 308, 314–15, 589 P.2d 1250 (1979).

### DENIAL OF CONTINUANCE

██ Anderson makes Fifth and Sixth Amendment arguments that he was denied due process and effective assistance of counsel when the trial court refused to grant a continuance for him to prepare his case pro se. We are not persuaded by his arguments. Motions for continuance are addressed to the sound discretion of the trial court and there is no mechanical Fifth Amendment test for deciding when a denial of a continuance violates due process. Each case must be judged according to its own circumstances. *Ungar v. Sarafite,* 376 U.S. 575, 11 L. Ed. 2d 921, 84 S. Ct. 841 (1964); *State v. Cadena,* 74 Wn.2d 185, 188–89, 443 P.2d 826 (1968); *State v. Eller,* 84 Wn.2d 90, 95–96, 524 P.2d 242 (1974); *State ex rel. Nugent v. Lewis,* 21 Wn. App. 779, 781, 586 P.2d 500 (1978); RCW 10.46.080. Like-

wise, there is no mechanical Sixth Amendment test regarding what constitutes a reasonable time to prepare a case; each case must be examined individually to determine whether the defendant has been given sufficient time for effective legal representation. *See Chambers v. Maroney,* 399 U.S. 42, 53–54, 26 L. Ed. 2d 419, 429–30, 90 S. Ct. 1975 (1970).

As to the due process claim, we find no abuse of discretion by the trial court because Anderson has failed to show that the denial of the continuance materially prejudiced his case. The only apparent reason for requesting the continuance was to allow him to subpoena four of his jailmates as witnesses to impeach Balch, the principal prosecution witness. There was no prejudice to Anderson because (1) the jailmates were subpoenaed immediately; (2) at trial, Balch himself admitted on direct examination that he had made the prior inconsistent statements which Anderson wished his witnesses to bring to the jury's attention; and (3) at any rate, Anderson never offered the trial court any reason why he might need more than a day to interview the witnesses.

At the same time, there was a legitimate reason why the trial court chose not to delay the trial any longer: the trial had been set for over 6 weeks and postponing it without adequate grounds on the day before it was to begin would have caused unwarranted problems to the schedules of the court, the prosecutor, and the jury members. We note that Anderson was so confident about the completeness of his own trial preparation, that he insisted on firing his retained counsel for disagreeing with him on the day before trial. If he truly had believed that his pro se defense would be crippled without a continuance, he need not have dismissed his counsel who was fully prepared to try the case.

Regarding the Sixth Amendment claim, if anyone can be blamed for the ineffective defense presented at trial, it is Anderson himself. His disastrous pro se performance was due primarily to his ignorance of procedural rules; yet he never voluntarily consulted with the counsel appointed to

help him on procedural matters. At least three times during the 2 1/2–day trial, the court had to instruct him to ask the attorney about various procedural points. Anderson never asked for a recess to reconsider his tactics, and even told the court he would not need the assistance of appointed counsel for closing arguments.

Given Anderson's unswerving resolution to pursue his own strategy—in spite of the trial court's warnings and in conscious disregard of the two attorneys who might have helped him—it is highly unlikely that a continuance would have put Anderson in any better position to defend himself. Under such circumstances, there is little substance to the claim that he was denied his Fifth and Sixth Amendment rights.

After reviewing the entire record, we conclude that the prosecutor and the trial court correctly allowed Anderson to exercise his constitutional rights both in the plea bargaining process and in his choice of legal counsel. The court must protect those rights, but it cannot insure Anderson against the adverse results of his own freely made decisions.

The conviction and sentence are affirmed.

PEARSON, C.J., and PETRIE, J., concur.