[No. 22359–3–I.   Division One.   December 11, 1989.]

THE STATE OF WASHINGTON, *Respondent,* v. JACK
HUGHES, *Appellant.*

*Dawn Monroe* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Jeanette Dalton, Deputy,* for respondent.

FORREST, J.—Jack Hughes, a juvenile, appeals from his conviction of statutory rape in the first degree, claiming that the court erred in offering him a continuance rather than suppressing child hearsay statements when the State did not provide sufficient notice of its intention to introduce the statements, pursuant to RCW 9A.44.120. We affirm.

At the beginning of the fact–finding hearing, the State announced that it would seek to introduce child hearsay statements, pursuant to RCW 9A.44.120, that had been made by the complaining witness, age 6, to his mother. Hughes objected on the basis that the State had not provided him with sufficient notice of its intent to introduce the child hearsay statements. The court ruled that the State had failed to provide sufficient notice and offered Hughes a continuance. Hughes argued that the proper remedy for the lack of notice was suppression of the statements. The court denied his motion to suppress. Hughes declined the offer of the continuance, and the fact–finding hearing proceeded. Both the complaining witness and his mother testified, and the child hearsay statements were admitted. The court found Hughes guilty as charged, and he appeals.

The relevant section of RCW 9A.44.120 reads as follows:

> A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet the statement.

The court ruled, and the State does not dispute, that the State did not give Hughes sufficient notice of its intent to introduce the child hearsay statements.[1] The question presented is one of remedy—continuance or suppression?

Hughes argues that the plain language of RCW 9A.44.120 requires that if the notice of intent is not provided sufficiently in advance, the "statement *may not* be admitted." (Italics ours.) He contends that the dictionary meaning of "may not" is that the court "does not have the liberty to" admit the child hearsay statements.[2] He concludes that the only proper remedy is suppression of the statements.

---

[1] For this reason, we do not address what constitutes sufficient notice or what form the notice must take.

[2] *See Webster's Third New International Dictionary* 1396 (1981); *Seattle v. Hill*, 40 Wn. App. 159, 697 P.2d 596 (1985).

The notice requirement of RCW 9A.44.120 has been adapted from the "catch–all" hearsay exception under the Federal Rules of Evidence. Rule 803(24) provides in relevant part that:

> a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

Cases and commentators interpreting Rule 803(24) suggest that the offer of a continuance is a proper remedy for insufficient notice:

> The question of what is a "fair opportunity" requires the judgment of the trial judge. Generally, notice should be given at the pretrial conference or before in writing if the proponent is aware of the problem. . . . If the question arises during trial through no fault of the proponent—something bound to occur from time to time, no matter how careful is discovery—the court can comply with the rule by granting a continuance. A few courts have interpreted the notice requirement with absolute, and unwarranted, rigidity, unmindful of Rule 102 and trial realities, and have refused to apply Rule 803(24) in the absence of notice before the trial actually begins.

(Footnotes omitted.) 4 J. Weinstein & M. Berger, *Evidence* 803–380 (1988).

> We believe that the purpose of the rules and the requirement of fairness to an adversary contained in the advance notice requirement of Rule 803(24) and Rule 804(b)(5) are satisfied when, as here, the proponent of the evidence is without fault in failing to notify his adversary prior to trial and the trial judge has offered sufficient time, by means of granting a continuance, for the party against whom the evidence is to be offered to prepare to meet and contest its admission.

*United States v. Bailey*, 581 F.2d 341, 348 (3d Cir. 1978).[3]

The most similar case is *United States v. Frazier*,[4] in which the defendant was charged with sexual assault on a

---

[3]*But see United States v. Oates*, 560 F.2d 45, 72 n.30 (2d Cir. 1977) ("There is absolutely no doubt that Congress intended that the requirement of advance notice be rigidly enforced.").

[4]678 F. Supp. 499 (E.D. Pa. 1986).

3–year–old child at a Navy child care facility. The victim's out–of–court declarations were proffered, pursuant to Rule 803(24), but formal notice of intent to use the statements was not given until the morning of trial. The statements had been provided to the defense 5 weeks before trial. The court held that while "better practice" would have been to give formal notice of intent to offer the statements when the statements were given to the defense, there was no showing that the defense was prejudiced by the lack of specific notice under Rule 803(24). The court held that "[t]he purpose of the notice requirement is to afford an opportunity to attack the trustworthiness of the statement."[5]

Most recently, the Ninth Circuit has held that a ruling as to the sufficiency of notice under Rule 803(24) is reviewed for an abuse of discretion, and that the admission of statements without prior notice was not an abuse of discretion when no prejudice was shown and when no continuance was requested.[6]

■■ The federal rule, from which the notice requirement of RCW 9A.44.120 was taken, has been interpreted to allow admission of out–of–court statements with insufficient formal notice, so long as the adverse party had or was offered an opportunity to prepare to challenge the statements. The offer of a continuance to Hughes satisfied this concern.[7] Suppression of evidence is an extraordinary remedy, at odds with the truth–seeking function of a trial, and only justified to protect basic constitutional rights, as with illegally obtained evidence or confessions.[8] While not a

[5]678 F. Supp. at 503.

[6]*United States v. Brown*, 770 F.2d 768 (9th Cir. 1987).

[7]The defendant's right to a speedy trial was not at issue in this case.

[8]This conclusion is supported by the fact that the notice provision of RCW 9A.44.120 is similar to CrR 4.7(a)(1), and that suppression of evidence is not a remedy for a violation of CrR 4.7. *State v. Terrovona*, 105 Wn.2d 632, 652, 716 P.2d 295 (1986); *State v. Laureano*, 101 Wn.2d 745, 762–63, 682 P.2d 889 (1984).

practice to be encouraged, the failure to provide sufficient formal notice does not, by itself, render inadmissible the statements of the complaining witness. Hughes has not contended that he was denied access to the statements during discovery, only that he did not receive formal notice. Under these circumstances, the admission of the statements, after Hughes was offered and declined a continuance, was proper.

Affirmed.

COLEMAN, C.J., and WINSOR, J., concur.