[No. 12297-2-III.   Division Three.   December 28, 1993.]

THE STATE OF WASHINGTON, *Appellant,* v. WAYNE E. HELMS, *Respondent.*

*John D. Knodell, Prosecuting Attorney,* for appellant.

*Eric R. Weston,* for respondent.

SCHACHT, J.[*] — The trial court dismissed criminal charges against Wayne Helms after finding the State failed to bring him to trial within the time specified in CrR 3.3. The State appeals, contending Mr. Helms waived or forfeited his right to a speedy trial or, alternatively, that the final trial date set by the court was timely. We affirm.

On May 24, 1991, Mr. Helms was charged by information with three criminal offenses which allegedly occurred between August 1983 and February 1986. On June 28 Mr. Helms was arraigned and released pending trial. On July 18 trial was set for September 9; September 26 was established as the outside trial date. On September 3 Mr. Helms filed a speedy trial waiver dated August 28. The waiver was signed by Mr. Helms but contained no expiration date.

On September 9, after the case was called for trial, the parties met in the judge's chambers. The court noted the filing of the speedy trial waiver without an expiration date and defense counsel indicated a new one would be filed. Mr. Helms requested a continuance; the State had no objection. The court granted the continuance, stating:

> I'll continue it until the September 16th trial docket. And upon the filing of an appropriate waiver, that waives through a specific date, I will then instruct the administrative bailiff to continue to a more convenient date.

The case was not called for trial on September 16. It is not clear why. The State argued Mr. Helms was not present in court that day, but that could not be verified. On September

---

[*]Judge Donald W. Schacht is serving as a judge pro tempore of the Court of Appeals pursuant to RCW 2.06.150.

a new waiver of speedy trial was filed. It was dated September 14 and waived Mr. Helms' speedy trial right until December 30.

On January 24, 1992, the court set a pretrial conference for January 31 and trial for February 10. That same day, Mr. Helms moved to dismiss for violation of his right to a speedy trial under CrR 3.3. After hearing the motion to dismiss on January 31, the court ruled CrR 3.3 had been violated and dismissed the charges against Mr. Helms with prejudice. The State's motion for reconsideration was denied.

The sole issue on appeal is whether the court erred by dismissing the charges against Mr. Helms for violation of his right to a speedy trial. The constitutional right to a speedy trial is not at issue, only the procedural right afforded by CrR 3.3.

CrR 3.3(c)(1) requires that a defendant released from jail be brought to trial within 90 days after his arraignment. The ultimate responsibility for bringing the defendant to trial in accordance with the rule rests with the trial court. CrR 3.3(a); *State v. White*, 94 Wn.2d 498, 503, 617 P.2d 998 (1980); *State v. Jones*, 49 Wn. App. 398, 402, 743 P.2d 276 (1987), *aff'd*, 111 Wn.2d 239, 759 P.2d 1183 (1988). A defendant can expressly waive the CrR 3.3 right to a speedy trial. *State v. Pomeroy*, 18 Wn. App. 837, 841, 573 P.2d 805 (1977) (citing *State v. Williams*, 87 Wn.2d 916, 557 P.2d 1311 (1976)). A criminal charge not brought to trial within the time period provided by the rule must be dismissed with prejudice. CrR 3.3(i); *White*, at 501.

The State first contends Mr. Helms' initial speedy trial waiver, which was of unlimited duration, continued in full force and effect until the trial date of February 10, 1992. This contention is incorrect. *State v. Garnier*, 52 Wn. App. 657, 660, 763 P.2d 209 (1988), *review denied*, 112 Wn.2d 1004 (1989), *overruled on other grounds in State v. Stephens*, 116 Wn.2d 238, 246, 803 P.2d 319 (1991) holds that a waiver of unspecified duration is effective only until the date of the trial contemporaneously or subsequently set by the court. Accordingly,

Mr. Helms' unlimited waiver of August 28 expired on September 16, the date of trial subsequently set by the court.

■ The State next contends Mr. Helms forfeited his right to a speedy trial by failing to appear for trial on September 16. Citing CrR 3.3(d)(2), the State argues the speedy trial clock stopped until Mr. Helms once again submitted himself to the court on January 24, 1992. Again, we disagree. The court found that the case had not been called, but was unable to determine whether Mr. Helms was present in court on that date. There is no evidence to support the State's position that Mr. Helms failed to appear. It cannot, therefore, invoke the extension authorized by CrR 3.3(d)(2).

■ The State next contends Mr. Helms' speedy trial right was forfeited by his failure to move for dismissal until January 24, when the court set dates for the pretrial conference and trial. Because the State's argument is not supported by authority, it will not be considered. *State v. Lord*, 117 Wn.2d 829, 853, 822 P.2d 177 (1991), *cert. denied*, ___ U.S. ___, 121 L. Ed. 2d 112, 113 S. Ct. 164 (1992).

Finally, the State contends that "[b]y setting the pretrial conference for January 31, 1992, and trial promptly thereafter on February 10, 1992, the trial court substantially complied with CrR 3.3." The State bases this argument on its calculation of January 29, 1992, as the last day for trial, after excluding the period covered by the waivers.

Time periods covered by a defendant's waivers are excluded from the speedy trial period by operation of CrR 3.3(g)(3), which provides:

**(g) Excluded Periods.** The following periods shall be excluded in computing the time for arraignment and the time for trial:

. . . .

(3) Delay granted by the court pursuant to section (h);

and CrR 3.3(h)(1), which provides:

**(h) Continuances.** Continuances or other delays may be granted as follows:

(1) Upon written agreement of the parties which must be signed by the defendant or all defendants. The agreement shall

be effective when approved by the court on the record or in writing.

*See State v. Jones*, 111 Wn.2d 239, 243-44, 759 P.2d 1183 (1988).

■ Here, Mr. Helms' first waiver was executed on August 28 and expired on September 16. His second waiver was executed on September 14 and expired on December 30. Therefore, his speedy trial waiver continued in effect without interruption from August 28 through December 30, a period of 124 days. The last date for trial within the speedy trial rule was January 28 — the 90th day after tolling the waiver period.[1] *See Garnier*, at 660; *State v. Ramsay*, 41 Wn. App. 380, 382-83, 704 P.2d 657 (1985); *State v. Burroughs*, 23 Wn. App. 190, 192-93, 596 P.2d 1340, *review denied*, 92 Wn.2d 1033 (1979). Strict compliance with the rule is required, not substantial compliance, and when the rule is not followed, the case must be dismissed with prejudice. *White*, at 501. The trial court did not err by dismissing the charges against Mr. Helms.

Affirmed.

THOMPSON, C.J., and SWEENEY, J., concur.

Review denied at 124 Wn.2d 1001 (1994).

---

[1] In Mr. Helms' brief and at oral argument, counsel made reference to a local practice of treating the specified expiration date of the waiver as the last date for trial. However, we need not guess at what an unwritten, informal local rule may be, or whether the court relied on it. *See In re Marriage of Ferree*, 71 Wn. App. 35, 47, 856 P.2d 706 (1993).