[No. 15467-0-III.    Division Three.    January 27, 1998.]

THE STATE OF WASHINGTON, *Respondent*, v. RALPH VERNON G., *Appellant*.

SCHULTHEIS, C.J., dissents by separate opinion.

18

*Raymond W. Ejarque* and *Jeffrey C. Barker* of *Barker & Howard*, for appellant.

*Gary A. Riesen, Prosecuting Attorney*, for respondent.

BROWN, J. — When the State amends an information the day before the date set for trial, adding new charges of sexual abuse involving additional victims, and the record shows the State was aware of the factual basis for the charges for nearly a month, is a defendant's right to a speedy trial violated if the defendant must agree to a continuance beyond the speedy trial date to enable defense counsel to prepare to meet the new charges? We decide this violates the speedy trial provisions of CrR 3.3 and reverse.

We also decide whether the trial court abused its discretion by requiring Ralph G. to proceed with a *Ryan*[1] hearing concerning the statements of D.G., a victim in one of the newly added charges, on the day before the original trial date immediately after the filing of the amended information. We decide because the court granted him a continuance at the end of the State's presentation of evidence, Mr. G. had an opportunity to meet and contest the admission of D.G.'s statements and attack their trustworthiness. Thus, any error relative to the newly added charges was cured by the continuance of both the *Ryan* hearing and the trial to a time within the speedy trial requirements. We therefore, affirm the trial court's ruling admitting D.G's statements to her therapist.

We also consider other contentions relating to witness tampering by influencing testimony without finding error.

[1] *State v. Ryan*, 103 Wn.2d 165, 691 P.2d 197 (1984).

Accordingly, we reverse the conviction for the original charges relating to T.W.G. and affirm the convictions for the new charges relating to D.G. and T.V.G.

## FACTS

Ralph G.'s three children were removed from the family home on May 30, 1995. In a physical examination of the three children in July, Dr. James Jantzen found evidence "suspicious for sexual abuse." On July 12, the State filed an information charging Mr. G. with one count each of first-degree rape of a child and first-degree child molestation, relating to his 9-year-old son, T.W.G. At Mr. G.'s arraignment on July 24, the court determined he was entitled to a speedy trial not later than September 22.

On August 16, caseworker Kate Carrow interviewed Mr. G.'s daughter, D.G., who disclosed her father had molested her. Police Detective Robert Perez and a deputy prosecutor were present at that interview. The next day, during an interview with their mother's attorney, all three children gave similar statements.

Trial was scheduled for September 19, 1995. Counsel for Mr. G. first interviewed the children on September 11. On September 14, upon learning Mr. G. would not accept the State's plea offer and would not waive his right to a speedy trial, the prosecutor informed Mr. G.'s attorney the State would be amending the information to add additional charges. The same day, the State filed a notice of intent to seek a *Ryan* hearing for the admission of D.G.'s hearsay statements to Ms. Carrow.

On September 18, the State filed an amended information adding one count of rape and two counts of child molestation involving Mr. G.'s other son, T.V.G., and one count of first-degree child molestation involving his daughter, D.G. At the September 18 hearing, counsel for Mr. G. objected to the amendment of the information, stating he was not prepared to meet the additional charges and that Mr. G. would not waive his right to a speedy trial. He asked

to have the additional charges severed. The court denied the motions and arraigned Mr. G. on the additional charges.

Mr. G. also objected to proceeding with the *Ryan* hearing regarding D.G.'s hearsay statements. Although the prosecutor related he had advised Mr. G.'s attorney of the September 18 *Ryan* hearing, Mr. G.'s attorney advised the court that he had talked to the prosecutor the previous Thursday (September 14) about it and only received the written notice on that day or the following day. He further stated he was not prepared and renewed his request to sever the new charges. The court proceeded with the *Ryan* hearing and after taking the available evidence, following a discussion off the record in chambers, Mr. G. agreed to waive his right to a speedy trial on all counts. *State v. Ryan*, 103 Wn.2d 165, 691 P.2d 197 (1984). The court continued the *Ryan* hearing to allow Mr. G.'s attorney additional time for preparation. After taking additional evidence on October 16, the court determined that D.G.'s hearsay statements were admissible.

The three children testified at trial. Dr. Jantzen testified about his examination of the children and the physical evidence indicating they had been sexually abused. Ms. Carrow testified about her interview with D.G. and related D.G.'s statements indicating she had had sexual contact with her father. The jury found Mr. G. guilty of all six charges.

## ANALYSIS

1. Speedy trial issue on original charges. Mr. G. contends the court, by permitting amendment of the information the day before trial, violated his right to a speedy trial. He is correct as to the original charges, but not so for the amended charges, as they were tried within the speedy trial limits as determined from the date of their filing.

■■ The trial court is responsible for assuring a speedy trial under CrR 3.3. *State v. Carson*, 128 Wn.2d 805, 912 P.2d 1016 (1996). Failure to strictly comply with the speedy trial rule requires dismissal, regardless of whether the

defendant can show prejudice. *State v. Greenwood*, 57 Wn. App. 854, 860, 790 P.2d 1243 (1990), *aff'd on other grounds*, 120 Wn.2d 585, 845 P.2d 971 (1993); *see State v. Helms*, 72 Wn. App. 273, 275, 864 P.2d 23 (1993), *review denied*, 124 Wn.2d 1001 (1994). Defense counsel must assert a client's speedy trial rights and attempt to assure compliance before the time for trial expires. *Carson*, 128 Wn.2d at 815.

■ When the State, without excuse, delays filing an amended information until a point when this action will compel the defendant to seek a continuance, the resulting period of delay is not excluded in calculating the time elapsed before trial under CrR 3.3. *State v. Price*, 94 Wn.2d 810, 814, 620 P.2d 994 (1980). This rule recognizes that the State may not, without excuse, compel defendants to choose between their right to assistance by an attorney who has had an opportunity to adequately prepare for trial, and their right to a speedy trial. *Price*, 94 Wn.2d at 814. The Supreme Court recently condemned similar prosecutorial delay that forced a defendant to waive his speedy trial right in order to prepare a defense:

> [T]he State expressly admits that it had all of the information and evidence necessary to file all of the charges in July 1993. Despite this, the State delayed bringing the most serious of those charges for months, and did so only five days (three business days) before the scheduled trial. Even though the resulting prejudice to Defendant's speedy trial right may not have been extreme, the State's dealing with Defendant would appear unfair to any reasonable person.

*State v. Michielli*, 132 Wn.2d 229, 246, 937 P.2d 587 (1997).

In order to invoke the rule announced in *Price*, a defendant must prove, by a preponderance of the evidence, the State has failed to act with due diligence, and, also, the State's delay compels him or her to choose between the right to a speedy trial and the right to effective assistance of counsel. *Price*, 94 Wn.2d at 814-15.

■ Here, the State obtained medical evidence in early July suggesting T.V.G. and D.G. had been sexually as-

saulted. Not later than August 16, the State had statements from all the children relating to sexual abuse. The prosecutor explained the delay in filing the additional charges: "Well, I gave [counsel] notice . . . as soon as we found out that the two defendants had rejected our plea offer, had indicated they would not waive speedy trial, that they both were going to proceed to trial before the 23rd or 22nd of September." The prosecutor's statement supports the inference the State delayed bringing additional charges until they could be used to persuade Mr. G. to accept a plea agreement or waive his right to speedy trial. Delay for such a purpose is failure to act with due diligence.

Mr. G.'s lawyer told the court he could not prepare to meet charges involving two new victims in the single day remaining before trial. He later elaborated that his difficulty in preparation would result in part from the more persuasive nature of the medical evidence as to D.G., and the fact that the new victims would likely be more credible than T.W.G. As a result, he explained, his original trial strategy would be inadequate to meet the new charges. Mr. G. carried his burden of showing the late amendment compelled him to choose between effective assistance of counsel and a speedy trial.

In determining whether there was compliance with CrR 3.3 for the original charges, the court must include the time from Mr. G.'s request for a continuance on September 18 to the start of trial on October 31 in the time elapsed between arraignment. *Price,* 94 Wn.2d at 810. With the additional time included, it is clear CrR 3.3 was violated. The two counts involving T.W.G. are dismissed.

■■ 2. *Ryan* hearing issues. Mr. G. contends the court erred in requiring him to proceed with the hearing on the admissibility of D.G.'s hearsay statement, although the State had only notified him four days earlier of its intent to use that statement. The available record does not show whether the State had ever provided him with any formal notice of the date and time of the hearing. In response, the State notes the trial court's decision as to the sufficiency of notice is reviewed for abuse of discretion. *State v. Hughes,*

56 Wn. App. 172, 175, 783 P.2d 99 (1989). Here, the State argues there was adequate notice of the child hearsay hearing because defense counsel was aware of the statements for at least four days, and was granted a continuance at the end of the State's presentation of evidence at the *Ryan* hearing.

Admission of child hearsay statements is authorized by RCW 9A.44.120. The statute requires the State to notify defense counsel of its intent to offer the statement but does not prescribe a notice period:

> A statement made by a child when under the age of ten describing any act of sexual contact . . . is admissible in evidence in . . . criminal proceedings, . . . if:
>
> (1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) The child either:
>
> (a) Testifies at the proceedings; or
>
> (b) Is unavailable as a witness: PROVIDED, That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.
>
> A statement may not be admitted under this section unless the proponent of the statement makes known to the adverse party his or her intention to offer the statement and the particulars of the statement sufficiently in advance of the proceedings to provide the adverse party with a fair opportunity to prepare to meet the statement.

RCW 9A.44.120. The notice requirement of RCW 9A.44.120 is derived from the "catch-all" hearsay exception under FEDERAL RULES OF EVIDENCE 803(24). *Hughes*, 56 Wn. App. at 174.[2]

Although RCW 9A.44.120 does not require sufficient notice to provide the adverse party with a fair opportunity to prepare to challenge the admissibility of the statement, the federal rule has been interpreted as requiring such notice:

---

[2]FEDERAL RULES OF EVIDENCE 803(24) provides in relevant part that: a statement may not be admitted under this exception unless the proponent of it makes known to the adverse party sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, the proponent's intention to offer the statement and the particulars of it, including the name and address of the declarant.

> We believe that the purpose of the rules and the requirement of fairness to an adversary contained in the advance notice requirement of Rule 803(24) and Rule 804(b)(5) are satisfied when, as here, the proponent of the evidence is without fault in failing to notify his adversary prior to trial and the trial judge has offered sufficient time, by means of granting a continuance, for the party against whom the evidence is to be offered to prepare to meet and *contest its admission.*

*United States v. Bailey,* 581 F.2d 341, 348 (3d Cir. 1978) (emphasis added).

In *United States v. Frazier,* 678 F. Supp. 499 (E.D. Pa. 1986), the defendant was charged with sexual assault of a three-year-old child. As required by the applicable federal rule, the victim's out-of-court statements were proffered to the defense five weeks before trial, but the formal notice of intent to use the statement was not given until the morning of trial. The court held that while "better practice" would have been to give formal notice of intent to offer the statements when the statements were given to the defense, there was no showing that the defense was prejudiced by the lack of specific notice. The court held that "[t]he purpose of the notice requirement is to afford an opportunity to attack the trustworthiness of the statement." *Frazier,* 648 F. Supp. at 503.

It is helpful to compare *Frazier* with the circumstances of this case. Here, the out-of-court statements and the notice of the State's intent to use them were not given to the defense until four days before the trial, and no notice was given of the actual hearing date. In some circumstances, this might have been sufficient notice and opportunity to prepare for trial. In *Frazier,* counsel knew for five weeks before the hearing that the government might use the out-of-court statements. Therefore, even though it came up at the last minute, counsel, arguably, was prepared.

The circumstances of this case are different. The information was amended to include new charges involving two new alleged victims with notice only a few days before the trial. The *Ryan* hearing was scheduled the day before the

trial, on the last day before the expiration of the speedy trial limits for the original charges. The defendant, despite considerable pressure, steadfastly refused to waive his speedy trial rights. Further complicating matters for Mr. G., the State failed to serve notice of the *Ryan* hearing for T.W.G. upon defense counsel and added the burden of having to deal with two new alleged victims, D.G. and T.V.G., during the *Ryan* hearing. Counsel appeared and informed the court that he was not adequately notified of the hearing and was not prepared. He suggested the new charges be severed and the trial proceed the next day on the original T.W.G. information. The court, nevertheless, ordered the hearing to proceed.

After the State's evidence at the *Ryan* hearing concluded, faced with the prospect of going to trial with his counsel unprepared, Mr. G. relented and agreed to waive his speedy trial rights. We have already decided in part 1 of our analysis this was reversible error as to the T.W.G. charges because of the speedy trial problem. Any additional error for Mr. G. due to the scheduling of the *Ryan* hearing was cumulative. However, as to D.G. and T.V.G., the scheduling and conduct of the *Ryan* hearing presented different problems. These now become our focus.

The court after taking the available testimony, continued the hearing at defense counsel's request so that Mr. G. could prepare and obtain additional evidence. Following the continued *Ryan* hearing approximately one month later, the court decided that D.G.'s statements were admissible.

Citing *Hughes*, the State argues that even if there was a notice problem, it was solved by the continuance. With the continuance, the State believes, the court had before it all of the necessary information and made the correct decision regarding the admissibility of the hearsay statements. This argument has merit.

Additionally, Mr. G. points to no resulting prejudice in proceeding to trial on the D.G. and T.V.G. charges following the continued *Ryan* hearing. Unlike the case for T.W.G., there was no eleventh hour need to change trial strategy or choose between speedy trial rights and prepared counsel.

26

The trial court did not abuse its discretion in allowing Ms. Carrow's recitation of D.G.'s hearsay statements at the trial of the D.G. and T.V.G. charges after they had been ruled admissible following the *Ryan* hearings. Because of the *Ryan* hearing continuance and the advanced trial date, Mr. G. had sufficient time to meet and contest the admission of D.G.'s statements per *Bailey* and attack their trustworthiness per *Frazier*. Additionally, there was no *Ryan* hearing hearsay issue raised regarding T.V.G.

█ Moreover, D.G. did appear at trial and fully testified by taking the stand and describing the acts of sexual contact alleged in the hearsay; therefore, there was no confrontation problem. *State v. Rohrich*, 132 Wn.2d 472, 481, 939 P.2d 697 (1997). The trial court did not err in admitting D.G.'s statements during Ms. Carrow's testimony.

3. Influenced testimony issues. Mr. G. contends he was denied due process because the State impermissibly influenced the children's testimony by suggesting or implanting evidence. There is no objective evidence anyone interfered with any of the children's testimony. The children responded largely to leading questions, gave many nonverbal answers, provided no detail about the incidents they acknowledged, and claimed they "forgot" to an extraordinary degree. We do not find any evidence their testimony was the product of any improper suggestion or tampering by the State.

## CONCLUSION

When a defendant is forced to choose between the right to a speedy trial under CrR 3.3 and effective assistance of counsel by an inexcusable late amendment of charges, as found under the facts of this case, the defendant has been denied a speedy trial. We reverse Mr. G.'s two convictions relating to T.W.G., which stem from the first set of charges. This constitutional dilemma was not presented in the circumstances surrounding the second set of charges involving D.G. and T.V.G. Although we are critical of the State's

failure to give sufficient formal notice to Mr. G. prior to the initial *Ryan* hearing to determine the admissibility of D.G.'s statements, we find no reversible error. This is because a continuance of the hearing was granted to Mr. G., giving him the opportunity to meet and contest D.G.'s statements and attack their trustworthiness. The admission of the hearsay relating to D.G. and T.V.G. was not error.

The convictions relating to T.W.G. are reversed. The convictions relating to D.G. and T.V.G. are affirmed.

KURTZ, J., concurs.

SCHULTHEIS, C.J. (dissenting) — The majority perceives no error in compelling defense counsel to proceed, immediately following his client's arraignment, with a hearing on the admissibility of critical evidence. This is a denial of due process and the right to effective assistance of counsel. I would reverse the conviction with respect to the charges involving D.G.

The prosecutor's untimely amendment of the information gave Ralph G. two choices. He could waive his right to a speedy trial on the charges relating to T.W.G. and seek a continuance to enable his attorney to prepare to meet the new charges involving T.V.G. and D.G., or he could invoke his right to a speedy trial and go forward with an attorney who admitted he was wholly unprepared to meet the new charges. Mr. G. declined to waive his constitutional right to a speedy trial. Consequently, only minutes after he had been arraigned on charges involving D.G., his attorney was required to represent him in a hearing to determine the admissibility of hearsay evidence of statements D.G. had made when interviewed by a caseworker.

There is nothing in the record suggesting Mr. G.'s attorney was aware of any allegations involving D.G. until a week earlier when, after some delay, he was permitted to interview all three children for the first time. He first learned that the State intended to file such charges a few

days after that interview was concluded. There is no indication Mr. G.'s counsel had any opportunity, after learning of the proposed new charges, to interview either the child or the caseworker whose testimony the State sought to introduce. To the contrary, counsel advised the court that he was wholly unprepared to respond to the State's motion to admit the child's hearsay statements.

The court nevertheless permitted the State to proceed with an examination of the child, the caseworker, and the police officer who was present during the interview, and required the defense to conduct any cross-examination without any opportunity for preparation whatsoever. After the State had presented its witnesses, and following an unreported discussion in chambers, Mr. G. agreed to waive his right to a speedy trial. The court then granted a continuance, allowing Mr. G. to prepare and present evidence in opposition to the admission of the child's hearsay statements.

The constitutional right to counsel includes a reasonable time for consultation and preparation. *State v. Hartzog*, 96 Wn.2d 383, 402, 635 P.2d 694 (1981). A reasonable time is "sufficient time for effective legal representation." *State v. Anderson*, 23 Wn. App. 445, 449, 597 P.2d 417 (1979). Compelling counsel to represent a defendant in an evidentiary hearing with no more than 45 minutes in which to prepare deprives the defendant of his right to due process and effective assistance of counsel. *State v. Hartwig*, 36 Wn.2d 598, 601, 219 P.2d 564 (1950).

The child hearsay statute allows the admission of statements made by children related to sexual acts performed against them even if they would not otherwise be admissible under the evidence rules. RCW 9A.44.120. In order to admit the child's hearsay statements, the court must conduct a hearing to determine whether there are sufficient indicia of reliability and the child must either testify or be unavailable as a witness. RCW 9A.44.120(1), (2). *State v. Ryan*, 103 Wn.2d 165, 175-76, 691 P.2d 197 (1984) sets out nine factors that a court should consider before finding child hearsay statements sufficiently reliable.

It is impossible to imagine that any attorney could provide effective assistance to his client in a hearing, upon which the outcome of the case may well depend, involving multiple witnesses and a complex nine-part test, a few minutes after his client was arraigned on the information.

The majority finds that any error in adding the new charges was cured by the continuance. I disagree. The right to counsel arises at any critical stage in a criminal prosecution. *Coleman v. Alabama*, 399 U.S. 1, 90 S. Ct. 1999, 26 L. Ed. 2d 387 (1970); *United States v. Wade*, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed. 2d 1149 (1967); *City of Tacoma v. Heater*, 67 Wn.2d 733, 409 P.2d 867 (1966). We cannot know what objections defense counsel might have interposed during the prosecutor's examination of the key witnesses if he had been given time to prepare for the hearing. We cannot know what questions he might have asked during cross-examination if he had ever had an opportunity to talk with those witnesses after learning of the new charges. There can be no doubt that the testimony of the State's witnesses in the hearing on the admissibility of the victims' hearsay statements was a critical stage in the prosecution during which Mr. G. was deprived of the effective assistance of counsel.

The court erred in allowing the State to bring new charges and join them with charges for which the time for trial was imminent. I agree with the majority's recognition of the effect of that error in depriving Mr. G. of his right to a speedy trial on the charges relating to T.W.G. I cannot agree that there was no prejudice with respect to the charges involving D.G.

Accordingly, I would reverse the conviction on the charges involving D.G. and remand for a trial in which Mr. G. is represented by counsel to the full extent required by the constitution.