119 P.3d 922 (2005)
STATE of Washington, Respondent,
v.
Thomas Andrew CARNEY, Appellant.
No. 22932-7-III.
Court of Appeals of Washington, Division 3, Panel Ten.
September 20, 2005.
Sharon M. Brown, Attorney at Law, Hillsboro, OR, for Appellant.
Terry J. Bloor, Scott W. Johnson, Benton County Prosecutor's Office, Kennewick, WA, for Respondent.
BROWN, J.
¶ 1 The trial court is responsible to ensure a timely trial and give formal notice to the parties and counsel of trial dates under Criminal Rule (CrR) 3.3. Here, the trial court improperly relied upon the State and defendant Thomas A. Carney to notify Mr. Carney's attorney of the trial date after a resetting and new commencement date. Although Mr. Carney was told the trial date in open court, the record does not show his attorney received notice of the new date from the court until after the trial date had been stricken due to defense attorney's failure to appear. When the defense attorney did appear in response to a court letter, he unsuccessfully objected due to lack of trial date notice and a resetting outside the CrR 3.3 limits. We hold the trial court erred in not granting dismissal. Accordingly, we reverse Mr. Carney's arson convictions and remand for an order dismissing his case with prejudice.

FACTS
¶ 2 The State charged Mr. Carney with first degree attempted arson for allegedly attempting to burn down his house on April 14, 2002. He was arraigned on May 8, 2002, and remained out of custody. Kevin Holt was appointed to represent Mr. Carney. Mr. Holt continued the case to pursue a defense investigation and presented orders to pay an expert investigator, Jack Avril. In July 2002, Mr. Carney retained Yakima defense attorney Frederick E. Porter.
¶ 3 On January 17, 2003, the State filed an amended information charging Mr. Carney with first degree arson, for allegedly intentionally burning down his house on April 23, 2002. From July 31, 2002 through October 3, 2003, the court entered at least eight stipulated continuances for Mr. Carney's trial. Each of the continuances and stipulated waivers expressly excluded the interim time *923 period from speedy trial time under CrR 3.3. The record refers to some 15 continuances overall.
¶ 4 On November 7, 2003, the pre-trial date before the November 17, 2003 trial setting, a faxed waiver of Justice Court Criminal Rule 3.3 was filed with the court signed by Mr. Carney and Mr. Porter, but not containing a new pre-trial and trial date. Mr. Porter's and Mr. Carney's lack of appearance was noted. Without written order, the court set the matter over one week at the State's request to secure a new waiver. The court did not send notice of the continued hearing date, apparently relying on the State to inform Mr. Porter of the continued hearing. No record of the State's notification is before us.
¶ 5 On November 14, Mr. Porter and Mr. Carney did not appear. The case was continued by a different judge at the request of a different State's attorney, Scott Johnson, who noted Mr. Porter had been sick and had been good about contacting him. On November 21, Mr. Porter and Mr. Carney did not appear. The State noted it had left messages with Mr. Porter about the court date. The matter was continued to December 5, 2003. On December 5, Mr. Porter and Mr. Carney did not appear. Mr. Johnson commented, "I am handling the case with a lawyer in Yakima. I ask we continue again noting the FTA. I just have no clue as to what has happened to Mr. Porter." Report of Proceedings (RP) (December 5, 2003) at 2.
¶ 6 On December 12, 2003, Mr. Carney appeared alone before Judge Vic L. Vanderschoor. The State asked for a trial date. Based upon the November 7 faxed waiver, the court set a February 20, 2004 pretrial date and a March 1, 2004 trial date. The one-page record shows the State said to the court: "We will. . . have Mr. Carney discussion [sic] those dates with Mr. Porter." RP (December 12, 2003) at 3. The December 12 record shows Mr. Carney remained silent throughout the hearing.
¶ 7 On February 20, 2004, Mr. Carney appeared alone before Judge Carolyn Brown. The State commented, "I know I've tried real hard to get Mr. Porter here. I don't know if Mr. Carney's had problems." RP (February 20, 2004) at 2. Mr. Carney said he had left a message with Mr. Porter, "[a]nd actually thought last time you said court was on the 24th." RP (February 20, 2004) at 2. The State commented: "Mr. Porter was ill, but I spoke with him probably two months ago and he was better." RP (February 20, 2004) at 2. The court continued the pretrial hearing for one week, and told Mr. Carney: "He really should be down here. Tell him to get down here." RP (February 20, 2004) at 3.
¶ 8 On February 27, 2004, Mr. Carney appeared alone before Judge Brown. Mr. Carney said he had talked to Mr. Porter, and "[h]e was kind of upset because he said he's never received no notice about no court dates, or notified in any way." RP (February 27, 2004) at 5. Mr. Carney explained: "He said he's busy. He's got cases and he needs something in writing to notify him when court is." RP (February 27, 2004) at 5. Frustrated, Judge Brown continued the hearing to March 5.
¶ 9 Judge Brown wrote to Mr. Porter on March 1, requiring him to be in court on March 5 to reset trial dates. She explained he had missed the February 27 pretrial hearing and the March 5, 2004 trial date had been stricken. The court imposed $500 terms for Mr. Porter's "perceived lack of diligence." Clerk's Papers at 65.
¶ 10 On March 5, Mr. Porter appeared before Judge Craig J. Matheson and immediately requested speedy trial dismissal based upon the court's failure to give him notice of any court proceedings. Alluding to State and client notifications, Mr. Porter explained: "[T]he only reason I didn't show up on March 1st was because I never received notice from the Court. I've never been accused in 36 years of deliberately missing a court appearance, but this is the only jurisdiction I've practiced in in which notice hasn't been sent as to prospective trial dates, so I'm at a loss." RP (March 5, 2004) at 7.
¶ 11 The court recessed to study the file before reasoning waivers existed until December 12, 2003. Judge Matheson's "inclination" was to set a trial March 8, 2004 to be safe. RP (March 5, 2004) at 11. Mr. Johnson requested a March 22 trial date so he *924 could prepare, saying he was "willing to roll the dice with the Court of Appeals on this, this issue. I don't see how. I mean defense counsel didn't show up, and we called and we called and we called." RP (March 5, 2004) at 12. Judge Matheson warned, "I think you may have a problem. But if you're satisfied, then I'll set it a different time." RP (March 5, 2004) at 12. Pretrial was set for March 12 and trial for March 22.
¶ 12 At the March 12 pretrial, Mr. Porter renewed his dismissal motion before Judge Vanderschoor. He argued the commencement date for speedy trial purposes was November 7, 2003, when the court received the faxed waiver, thus speedy trial ran 90 days later in February. Mr. Porter argued he did not receive notification of court dates, as required under the speedy trial rules. The trial court, noting Judge Brown's ruling and the non-appearances of Mr. Carney and Mr. Porter, denied the motion.
¶ 13 Before the jury trial began on March 22, Mr. Carney unsuccessfully renewed his speedy trial dismissal motion before Judge Dennis D. Yule. The State argued the March 1, 2004 trial date was within 90 days of the waiver recognized in the December 12 trial setting, and the only reason trial had not commenced on March 1 was because Mr. Porter missed the pretrial hearing, necessitating a good cause continuance under CrR 3.3. Mr. Porter reiterated CrR 3.3 required the court to notify counsel of new trial settings, which it did not. While contrite about his lack of diligence in personally following the case status and grateful for the State's many past accommodations, Mr. Porter argued Mr. Carney's right to a speedy trial was nevertheless violated.
¶ 14 The jury found Mr. Carney guilty as charged. After a standard range sentencing, Mr. Carney appealed. We do not recount the facts bearing upon Mr. Carney's ineffective assistance of counsel claim because the speedy trial issue is dispositive.

ANALYSIS
¶ 15 The issue is whether the trial court erred in denying Mr. Carney's speedy trial dismissal motion under CrR 3.3 based upon a December 12, 2003 commencement date and a trial date of March 22, 2004. We do not analyze Mr. Carney's contention that the waiver filed November 7, 2003 was an invalid copy because it was not made below. RAP 2.5(a). And, we note at the outset that no failure to appear contentions are argued by the parties. Our focus is whether the trial court gave due notice.
¶ 16 We review speedy trial rule applications to facts de novo. State v. Branstetter, 85 Wash.App. 123, 127, 935 P.2d 620 (1997).
¶ 17 "The trial court is responsible for assuring a speedy trial under CrR 3.3." State v. Ralph Vernon G., 90 Wash.App. 16, 20, 950 P.2d 971 (1998) (citing State v. Carson, 128 Wash.2d 805, 912 P.2d 1016 (1996)). A defendant who is not detained in jail must be brought to trial within 90 days of the commencement date unless time is excluded or extended by law. CrR 3.3(b)(2)(i). The initial commencement date is the date of arraignment, but the commencement date may be reset, and the elapsed time reset to zero, under certain circumstances. CrR 3.3(c)(1), (2). These circumstances include a written waiver signed by the defendant or the failure of the defendant to appear when required. CrR 3.3(c)(2)(i), (ii).
¶ 18 If the trial court determines the trial date should be reset, it must notify each counsel or party of the new date. CrR 3.3(d)(2). Continuances on motion of the court or a party when "required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense," are excluded from computing the time for trial. CrR 3.3(f)(2). This type of continuance motion must be made before the time for trial has expired, and the court must state on the record or in writing the reasons for the continuance. Id.
¶ 19 Any party objecting to a trial date on speedy trial grounds must do so within 10 days after notice is mailed or otherwise received. CrR 3.3(d)(3). Any party who fails, "for any reason," to make this motion loses the right to object to a violation. Id.
¶ 20 Filing a written waiver signed by the defendant acts to reset the commencement *925 date when the waiver shows the new trial date. CrR 3.3(c)(2)(i). When the waiver does not contain the new trial date and the trial court subsequently sets the trial date, the setting date serves as the commencement date under CrR 3.3(c)(2)(i). Therefore, Mr. Carney incorrectly argues November 7 is the commencement date. Here, the trial court acted on the November 7 waiver at the State's request on December 12 when setting the March 1 trial date. Therefore, under CrR 3.3(c)(2)(i), December 12 is the commencement date. The parties have not argued, and we do not decide, whether the delay between the November 7 waiver and the December 12 setting was proper.
¶ 21 The court did not give Mr. Porter notice of new trial settings, as required by CrR 3.3(d)(2). While the record is unclear what contact Mr. Carney and the State may have had with Mr. Porter, it matters not. The record does not show Mr. Porter ever received specific notice of the resetting until Judge Brown's March 1 letter. At the December 12 resetting date, the court looked on when the State said: "We will . . . have Mr. Carney discussion [sic] those dates with Mr. Porter." RP (December 12, 2003) at 3. Mr. Carney said nothing. At the February 20, 2004 pretrial, Mr. Carney merely said he had left a message with Mr. Porter and "actually thought last time you said court was on the 24th." RP (December 12, 2003) at 3. All the State's attorney could contribute was a recollection that he had spoken with Mr. Porter, "probably two months ago and he was better." RP (December 12, 2003) at 3.
¶ 22 When the court resets the trial date under CrR 3.3(c), "the court shall ... notify each counsel or party of the date set." CrR 3.3(d)(2). Here, the record shows Mr. Porter first received written notice of the trial date in Judge Brown's March 1 letter, after the trial date had been stricken. When Mr. Porter appeared on March 5, he immediately objected and sought dismissal on speedy trial grounds. At best, trial had to occur by March 11. While the court reasoned setting the matter on March 8 was safe, it did not do so because the State was "willing to roll the dice with the Court of Appeals" on the speedy trial issue. RP (March 5, 2004) at 12. The State reasoned incorrectly.
¶ 23 This is not a case where the trial date was set before the end of the speedy trial limit and the State has requested a good cause continuance under CrR 3.3(f)(2). Instead, the court improperly relied upon the State and a defendant to give defense counsel notice of mandatory appearance dates to discharge its ultimate responsibility. Even if notice was given by the State or Mr. Carney, it did not discharge the court's ultimate responsibility to provide the due process notice requirements of CrR 3.3. "It shall be the responsibility of the court to ensure a trial in accordance with [CrR 3.3] to each person charged with a crime." CrR 3.3(a)(1). When the court resets the trial date, "the court shall set a new date for trial which is within the time limits prescribed and notify each counsel or party of the date set." CrR 3.3(d)(2).
¶ 24 Moreover, when notice is not established, as here, failure to appear is a difficult proposition for the State to rest upon. And, Mr. Carney was certainly not responsible to notify his counsel when to appear. In sum, we hold the trial court erred in denying Mr. Carney's motion to dismiss under CrR 3.3. The remedy is to reverse Mr. Carney's convictions and remand for the trial court to enter an order of dismissal with prejudice.
¶ 25 Reversed, and remanded for proceedings consistent with this opinion.
WE CONCUR: KATO, C.J., and KURTZ, J.