[No. 18220-3-II.    Division Two.    September 10, 1999.]

THE STATE OF WASHINGTON, *Respondent*, v. JEROME JOSEF EARL, *Appellant*.

*Lenell Rae Nussbaum*, for appellant.
*John W. Ladenburg, Prosecuting Attorney*, and *Kathleen Proctor, Deputy*, for respondent.

BRIDGEWATER, C.J. — Jerome Josef Earl appeals his 1994 conviction for two counts of rape of a child in the first degree.[1] We hold that by amending the information on the day set for trial and adding a second count of rape involving a different victim, the State compelled Earl to choose between his right to assistance by an adequately prepared attorney and his right to a speedy trial. Thus, we reverse Earl's conviction for Count I because the trial date was beyond the speedy trial time limit. Because the alleged crimes occurred at the same time and place and the State knew all of the facts underlying both counts when it charged Count I, the State should have charged Count II at the same time. The speedy trial time period ran at the same time for both counts; thus, we also reverse Earl's conviction for Count II.

In 1993, A.E. complained that her uncle, Earl, had raped her and her cousin, M.E., Earl's daughter. Her complaint concerned events that occurred in 1989 when A.E. was five and M.E. was four. The best evidence for the State was that the rapes took place at the same time with both girls present in Earl's bedroom.

---

[1]Following the resolution of Earl's original appeal, we recalled the mandate allowing him to file this appeal.

On June 1, 1993, the State charged Earl with one count of rape of a child in the first degree under RCW 9A.44.073, alleging that Earl raped A.E. during a two-month period in 1989.

On the day of trial, March 2, 1994, the State moved to amend the information to add a second count of rape of a child in the first degree. The State alleged that Earl also raped his daughter, M.E., during the same charging period. Earl's attorney objected on the basis that Earl was entitled to: (1) fair notice of the charges, (2) a speedy trial, and (3) an adequately prepared defense. But the trial court allowed the amendment over Earl's objections. Earl then moved for a continuance and signed a speedy-trial waiver, and the court granted a three-week continuance. Trial took place on March 23, 1994, resulting in convictions on both counts.

### I. Speedy Trial as to Count I

■ ■ Failure to comply with the speedy trial rule requires dismissal, regardless of whether the defendant can show prejudice. *State v. Ralph Vernon G.*, 90 Wn. App. 16, 21-22, 950 P.2d 971 (1998). When the State delinquently amends an information to allege new charges, a defendant's right to a speedy trial may be affected. If a defendant requests a continuance to prepare a defense to the new charges, the continuance does not act as a waiver of the defendant's right to a speedy trial.

> When the State, without excuse, delays filing an amended information until a point when this action will compel the defendant to seek a continuance, the resulting period of delay is not excluded in calculating the time elapsed before trial under CrR 3.3. . . .

> In order to invoke [this rule], a defendant must prove, by a preponderance of the evidence, the State has failed to act with due diligence and also, the State's delay compels him or her to choose between the right to a speedy trial and the right to effective assistance of counsel.

*Ralph Vernon G.*, 90 Wn. App. at 21 (citing *State v. Price*, 94 Wn.2d 810, 814-15, 620 P.2d 994 (1980)).

While the State in this case does not expressly concede that it failed to act with due diligence, it cannot seriously contest the issue. The State acted inexcusably in seeking an amendment on the day of trial that alleged a new count of child rape involving a different victim. The State essentially conceded below that the late amendment was not based on new information but on the same information it had possessed for eight months.[2] Thus, the only issue is whether Earl was compelled to choose between his right to effective assistance of counsel and his right to a speedy trial.

The State's central argument is that Earl may not claim prejudice as a result of the late amendment, because six days remained on the speedy trial calendar;[3] Earl did not request a continuance within that time; and he did not demonstrate that he would be unable to prepare for trial within that period.

We reject the State's argument. First, on almost identical facts, Division Three of the Court of Appeals did not place such a heightened requirement on the defendant in *Ralph Vernon G.* It is noteworthy that the defendant in that case also had exactly four business days left on the speedy trial calendar when the State moved to amend the information the day before trial.[4] While Earl had six days left in his speedy trial period, only four of those days were business

---

[2]The prosecutor stated, "[I]ronically, there's no new discovery to be provided because all of it was provided, just as it went along with the case that was charged on [A.E.]." The prosecutor also stated, "Everything that relates to this new victim was provided when I presented the information on [A.E.]."

[3]The State correctly calculates Earl's speedy trial period: on March 2, 1994, there were still six days remaining. After arraignment, Earl failed to appear for an omnibus hearing and the court issued a bench warrant. Both parties agree that by operation of CrR 3.3(d)(2), Earl's 90-day speedy trial period began on August 24, 1993, after Earl appeared. Eighty-four days elapsed between August 24 and November 16, when Earl requested the first of several continuances. CrR 3.3(g)(3) exempts delay granted by the court for continuances. *See State v. Garnier,* 52 Wn. App. 657, 660, 763 P.2d 209 (1988), *review denied,* 112 Wn.2d 1004 (1989).

[4]In *Ralph Vernon G.,* the defendant was initially charged with one count each of first-degree rape of a child and first-degree child molestation relating to one of the defendant's sons. 90 Wn. App. at 19. Trial was scheduled for September 19, 1995, and the speedy trial period ended on September 22. *Ralph Vernon G.,* 90

days because March 5 and 6, 1994, were a Saturday and Sunday.

Division Three had little difficulty concluding that the defendant in *Ralph Vernon G.* was forced to choose between his right to a speedy trial and his right to effective representation. The Court of Appeals addressed the claim of prejudice as follows:

> Mr. G.'s lawyer told the court he could not prepare to meet charges involving two new victims in the single day remaining before trial. He later elaborated that his difficulty in preparation would result in part from the more persuasive nature of the medical evidence as to D.G., and the fact that the new victims would likely be more credible than T.W.G. As a result, he explained, his original trial strategy would be inadequate to meet the new charges. Mr. G. carried his burden of showing the late amendment compelled him to choose between effective assistance of counsel and a speedy trial.

*Ralph Vernon G.*, 90 Wn. App. at 22. Division Three did not require the defendant in that case to explain on the record why it was impossible to defend the case within the four-day window. Neither do we.

The State asserts that *Ralph Vernon G.* may be distinguished because there the defendant asked for a severance of the counts. But there is no indication in *Ralph Vernon G.*, as there is here, that the alleged abuse of the victims all occurred at the same time. Here, counsel for Earl concluded that the counts could not be severed by virtue of *State v. Markle*, 118 Wn.2d 424, 823 P.2d 1101 (1992) and, accord-

Wn. App. at 19. On September 14, five days before trial, the prosecutor informed the defendant's attorney that the State would be amending the information to add new charges. On September 18, the day before the scheduled trial, the State filed an amended information adding one count of rape and two counts of child molestation relating to the defendant's daughter and other son. *Id.* at 19. At a hearing on the same date, the defendant's attorney stated that he was unprepared to defend against the new charges and that his client would not waive his right to speedy trial. Counsel also moved for a severance, which the court denied. *Id.* at 19-20. The same day, the court proceeded with a *Ryan* hearing. *State v. Ryan*, 103 Wn.2d 165, 691 P.2d 197 (1984). After evidence was taken in the hearing, the parties and court conducted an off-the-record discussion in chambers. Thereafter, the defendant agreed to waive his right to a speedy trial and the trial court continued the *Ryan* hearing and the trial. *Ralph Vernon G.*, 90 Wn. App. at 20.

ingly, did not move to sever. The failure to move for a severance is a distinction without a difference; Earl objected to the amendment on appropriate grounds and we require no more.

In addition, it is simply unreasonable under the facts of this case to assume that Earl's lawyer could have prepared adequately for the trial in six days given the substantive nature of the additional charge. Earl's lawyer explained to the trial court that she had just been informed of the State's intent to amend the information *the night before trial*. The State had disclosed seven witnesses, and on the day of trial indicated that it would be adding both the second victim and another child to the witness list. Earl's attorney informed the court that she would not only have to interview the new witnesses, but, in addition, she would have to re-interview the original seven witnesses, because she had not questioned them regarding the newly added charge. Additionally, Earl's attorney explained that while she had received a medical examination regarding the second victim, the result of that examination was different from that of the first victim. Thus, Earl's attorney would have to adjust her trial strategy to address the second examination. Finally, both the prosecution and the trial court announced their desire to conduct two preliminary hearings—a child competency hearing and a *Ryan* hearing—prior to trial.[5] *State v. Ryan*, 103 Wn.2d 165, 691 P.2d 197 (1984). While Earl's attorney did not explicitly state that she could not prepare a defense within the remaining speedy trial period, she adequately demonstrated that it would not be possible to do so. The State's actions put Earl's lawyer in an untenable position. On these facts, it is simply unreasonable to assume that Earl's attorney could

---

[5]At the subsequent *Ryan* hearing, the State sought to admit numerous child hearsay statements made to seven witnesses (one witness, Rutledge, was not available until the day of trial).

have prepared a defense to the new charge in the few days remaining.[6]

In summary, Earl was compelled to choose between his right to effective representation of counsel and his right to a speedy trial. The State acted unfairly and unreasonably by attempting to amend the information on the day of trial, and Earl was prejudiced as a result. "When the State, without excuse, delays filing an amended information until a point when this action will compel the defendant to seek a continuance, the resulting period of delay is not excluded in calculating the time elapsed before trial under CrR 3.3." *Ralph Vernon G.*, 90 Wn. App. at 21. By not tolling the speedy trial clock for Earl's last continuance, we conclude that Earl's speedy trial period expired. The conviction as to Count I is reversed.

## II. Speedy Trial as to Count II

■ Before trial, the prosecutor attempted to justify the late amendment of Count II by stating:

> The State's position is that the activities took place together. . . .

> The testimony that the State anticipates showing is that not only did it happen at the same time approximately but in the same bed and with the same method. It is simply something that cannot be divided out.

> . . . .

> In terms of why I'm electing to file part of it is because I think if I were to proceed under separate cause numbers and under separate trials, that there would be a failure to join argument made later that could possibly preclude me from charging on [M.E.'s] case.

On appeal, the State vigorously attempts to disassociate itself from its former position. But, the alleged sexual abuse

---

[6]In cases where a late amendment (or late disclosure of discovery) is less substantive, the trial court may justifiably require a greater demonstration of prejudice. *See, e.g., State v. Greene*, 49 Wn. App. 49, 742 P.2d 152 (1987).

against the two young girls was said to have occurred while the girls were together in Earl's bed at the same time. And, the State knew all of the facts related to Count II when it charged Count I.

We follow *State v. Peterson*, 90 Wn.2d 423, 585 P.2d 66 (1978), and find the facts analogous. In *Peterson*, the State filed a complaint against the defendant for an assault arising from a bank robbery. Because the defendant pleaded guilty to federal charges, the State took no action until the defendant moved to dismiss the State charges. *Id.* at 425-26. Then, two years after the bank robbery, the State filed an information charging the defendant with two counts of assault involving two victims from the bank robbery. *Id.* at 426. The trial court dismissed both counts on the basis of the speedy trial rule. The Supreme Court affirmed, holding that because the second count arose out of the same offense and incident as the first one, the time limits of CrR 3.3 began running for both offenses when the State first filed its complaint against the defendant. In *Peterson*, the Supreme Court interpreted the joinder rule, former CrR 4.3(c),[7] as expressing a preference for a single disposition of all charges, and, consequently, the Court adopted and applied Standard 2.2 of the American Bar Association (ABA) Standards Relating to Speedy Trial. *See Peterson*, 90 Wn.2d at 431. The ABA has since revised the standard cited in *Peterson*. *See State v. Harris*, 130 Wn.2d 35, 40, 921 P.2d 1052 (1996). The standard, as cited in *State v. Fladebo*, 113 Wn.2d 388, 392, 779 P.2d 707 (1989), provides:

---

[7]Former CrR 4.3(c)(3) (1978) provided:

A defendant who has been tried for one offense may thereafter move to dismiss a charge for a related offense, unless a motion for joinder of these offenses was previously denied or the right of joinder was waived as provided in section (b). The motion to dismiss must be made prior to the second trial, and shall be granted unless the court determines that because the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated if the motion were granted.

*See State v. McNeil*, 20 Wn. App. 527, 532-33, 582 P.2d 524 (1978) (quoting former rule). The rule has since been recodified with some modifications as CrR 4.3A(b)(3) (effective September 1, 1995).

"The time for trial should commence running, without demand by the defendant, as follows:

(a) from the date the charge is filed, except that if the defendant has been continuously held in custody or on bail or recognizance until that date to answer for the crime or a crime based on the same conduct or arising from the same criminal episode, then the time for trial should commence running from the date the defendant was held to answer;"

(quoting 2 ABA, STANDARDS FOR CRIMINAL JUSTICE, Standard 12-2.2, at 12-17 (2d ed. 1980)).[8] The commentary to the standard explains what is meant by a criminal "episode." An "episode" is:

" ' "an occurrence or connected series of occurrences and developments which may be viewed as distinctive and apart although part of a larger or more comprehensive series." This would cover the simultaneous robbery of seven individuals, the killing of several people with successive shots from a gun, the successive burning of three pieces of property, or such contemporaneous and related crimes as burglary and larceny, or kidnapping and robbery.' (Footnotes omitted.)"

*Fladebo*, 113 Wn.2d at 392 n.2 (quoting 2 ABA, STANDARDS FOR CRIMINAL JUSTICE, Standard 12-2.2 commentary at 12-21 (2d ed. 1980)).

The Supreme Court recently clarified that the rule articulated in *Peterson* remains applicable to CrR 3.3:

The ABA standard adopted by *Peterson* has been cited as controlling law in many subsequent cases. Even though the ABA standard adopted in *Peterson* cannot be found in CrR 3.3, standard 12-2.2 has been incorporated into the rules through *Peterson*'s adoption of the standard and *Fladebo*'s continued adherence to it. CrR 1.1 ("These rules . . . shall be interpreted *and supplemented* in light of the common law and the

---

[8]We do not address possible exceptions to this rule. By way of analogy, CrR 4.3A(b)(3) provides that a dismissal is not mandatory for failure to join related offenses when "the prosecuting attorney was unaware of the facts constituting the related offense or did not have sufficient evidence to warrant trying this offense at the time of the first trial, or for some other reason, the ends of justice would be defeated . . . ."

decisional law of this state." (emphasis added)); *see also State v. Greenwood*, 120 Wn.2d 585, 595, 845 P.2d 971 (1993).

*Harris*, 130 Wn.2d at 40 (some citations omitted).

Here, the State alleged that, at some point during a two-month period, Earl raped his daughter and niece *while they were in his bed together at the same time*. Clearly, Earl's alleged acts were part of the same criminal "episode." These counts should have been charged and tried within the speedy trial period dictated by the first count. We reverse Earl's conviction for Count II based upon the failure to abide by the speedy trial rule. Because of our disposition, we need not address Earl's other issues.

His convictions are reversed.

MORGAN and HUNT, JJ., concur.