[No. 43288-5-I.   Division One.   March 6, 2000.]

THE STATE OF WASHINGTON, *Respondent*, v. CHIQUITA PARKER, *Appellant*.

*Kitteridge Oldham* and *Eric Broman* of *Nielsen, Broman & Associates, P.L.L.C.*, for appellant.

*James H. Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for respondent.

BECKER, J. — This case involves an application of the rule in *State v. Striker*, 87 Wn.2d 870, 557 P.2d 847 (1976). Under *Striker*, a defendant will obtain a dismissal with prejudice when there is a long and unnecessary delay between the filing of the information and arraignment. But in order to obtain a dismissal, the defendant must raise a *Striker* objection at the time of arraignment unless the time for a speedy trial has already elapsed. We hold that a defendant who fails to object at arraignment waives *Striker*, even though arraignment occurs on the last possible day for a speedy trial.

Appellant Chiquita Parker was arrested for possession of cocaine in July 1997. The police released her after record-

ing her address. They referred the matter to the prosecutor in November. On January 7, 1998, the State filed an information charging Parker with possession of cocaine. That same day, the State sent a summons to Parker by first class mail to the address listed on the police report. Before sending the summons, the prosecutor had searched two databases, both of which gave the same address for Parker. But on January 13, six days after the filing of the information, the post office returned the summons marked "Return to Writer." The State did nothing further to locate Parker. When Parker did not appear for the scheduled arraignment on January 22, the court issued a bench warrant. Some weeks later, the police arrested Parker. She was arraigned on April 21.

By rule, a defendant should be promptly arraigned within 14 days of the filing of the information. CrR3.3(c)(1). For a defendant who remains out of custody, the date of arraignment ordinarily marks the start of the 90-day speedy trial period. CrR 3.3(c)(1). But because Parker was not promptly arraigned, she was eligible to invoke the *Striker* rule.

The *Striker* rule protects the interests served by the speedy trial rule, CrR 3.3, by giving the State an incentive to provide a prompt trial for a defendant once prosecution has begun. *State v. Greenwood*, 120 Wn.2d 585, 593-94, 845 P.2d 971 (1993). A party who is not promptly arraigned may object to the date of arraignment on the ground that it is not within the time limits prescribed by rule. Such an objection must be stated to the court at the time of the arraignment. CrR 3.3(e). If the trial court rules that the objection is correct, the court sets a constructive arraignment date based on the last day the defendant could properly have been arraigned. CrR 3.3(e); CrR 3.3(c)(4). In such cases, the constructive arraignment date marks the start of the 90-day speedy trial period. CrR 3.3(e). *See Greenwood*, 120 Wn.2d at 589.

Parker did not object to her arraignment date at the time of her arraignment. She filed an objection some weeks later, and moved to dismiss on speedy trial grounds. Parker

argued that the State had not acted diligently in bringing her before the court. The State responded that it had acted with due diligence in merely mailing the summons even though the summons was returned. The court agreed with the State, denied the motion to dismiss, and convicted Parker at a trial on stipulated facts. Parker appeals.

The State now concedes that it should have taken further action to locate Parker once the summons was returned undelivered. The concession is well-taken. The State has a duty to exercise good faith and due diligence to bring the defendant before the court after filing an information. *Greenwood*, 120 Wn.2d at 601. The State does not fulfill its duty of due diligence when it takes no further steps to locate a defendant after a mailed summons is returned unclaimed. *See, e.g., State v. Jones*, 79 Wn. App. 7, 901 P.2d 1057 (1995), *review denied*, 128 Wn.2d 1009 (1996); *State v. Bazan*, 79 Wn. App. 723, 904 P.2d 1167 (1995), *review denied*, 129 Wn.2d 1023 (1996).

Parker argues that because the State did not act with due diligence in bringing her before the court, the *Striker* rule applies, and the trial court should have set a constructive arraignment date 14 days after the filing of the information, or January 21. The last day of Parker's speedy trial period would then have been 90 days later, on April 21.

April 21 was the date Parker was actually arraigned. But on that occasion, Parker failed to object to the timeliness of her arraignment. Under CrR 3.3(e), failure to object at the time of arraignment is a waiver of the objection, and the *actual* date of the arraignment conclusively establishes the date from which the 90-day speedy trial period is calculated.[1]

Relying on *Greenwood*, Parker argues that her failure to

---

[1]"A party who objects to the date of arraignment on the ground that it is not within the time limits prescribed by this rule must state the objection to the court at the time of the arraignment. If the court rules that the objection is correct, it shall establish and announce the proper date of arraignment pursuant to section (c) of this rule, and the time for trial set out in section (c) shall be deemed to have commenced on that date. Failure of a party to object as required shall be

object did not constitute a waiver because an objection on the last day of the speedy trial period would have been futile. In one of the consolidated cases addressed in *Greenwood*, the trial court held that defendant Weyland had waived his objection to the arraignment date. The Supreme Court reversed because by the date of Weyland's arraignment, the entire time for trial had already elapsed. The court stated that the purpose of the rule requiring a defendant to inform the trial court at arraignment of the alleged error is to permit timely correction of that error. *Greenwood*, 120 Wn.2d at 606. "Where the time for trial calculation has already expired, such an objection would not assist the court in setting a trial within the requirements of CrR 3.3. In such cases, a defendant cannot be deemed to have waived his or her objection." *Id.*

Parker argues that she, like defendant Weyland in *Greenwood*, cannot be deemed to have waived her objection. She reasons that there was not enough time to prepare for trial because the day she was arraigned, April 21, was also the last day of her speedy trial period. She points out that dismissal is the appropriate remedy when the State unreasonably forces a defendant to choose between a speedy trial and the right to effective representation. *See, e.g., State v. Michielli*, 132 Wn.2d 229, 937 P.2d 587, 71 A.L.R.5TH 705 (1997); *State v. Earl*, 97 Wn. App. 408, 984 P.2d 427 (1999); *State v. Teems*, 89 Wn. App. 385, 948 P.2d 1336 (1997), *review denied*, 136 Wn.2d 1003 (1998).

The State responds that Parker's speedy trial period did not expire until April 27. According to the State, the six days between the time the summons was sent out and the time it was returned should be excluded from the speedy trial calculation. By excluding those six days, the constructive arraignment date was January 27, not January 21. Thus, under the State's calculation, when Parker was arraigned on April 21, six days remained in the speedy trial

a waiver of the objection, and the date of arraignment shall be conclusively established as the date upon which the defendant was actually arraigned." CrR 3.3(e).

period. Parker replies that even if the State's calculation is correct, six days is not enough time to prepare for trial as a matter of law. She contends that whether six days remained or only one, she would have been forced to choose between her right to speedy trial and her right to have adequate time to prepare.

We do not find it appropriate to resolve this case by deciding whether to exclude the six days that the State waited to find out if Parker had received the summons, or by deciding as a matter of law how many days constitute an adequate opportunity to prepare for trial. Both are highly factual issues that should have been presented to the trial court for determination. In this case we are asked to decide both issues without the benefit of a trial court ruling to review.

What we find dispositive is that Parker failed to object at the time of her arraignment. The rule, CrR 3.3(e), requires objection at arraignment. None of the cases cited by Parker support the proposition that when forced to choose between speedy trial and effective representation rights, a defendant is excused from making a timely objection.

Citing *State v. Bernhard*, 45 Wn. App. 590, 726 P.2d 991 (1986), *review denied*, 107 Wn.2d 1023 (1987) Parker essentially asks us to hold that an objection is necessary only when there is enough time remaining in the speedy trial period to reasonably schedule a felony trial.

In *Bernhard*, the defendant did not make a proper objection at the time of arraignment. The trial court nevertheless granted the defendant's *Striker* motion to dismiss on the basis that arraignment occurred with only four days remaining in the speedy trial period. The trial court reasoned that four days was not enough time to prepare for trial. But the trial court's reasoning was not affirmed. On appeal, this court reversed the dismissal for two reasons. First, the trial court had erroneously assumed the speedy trial period was 60 days, not 90 days. Second, by failing to object properly, Bernhard waived any objection to the arraignment date. The court explained that a timely and

specific objection enables the trial court to perform its function of ensuring that the trial occurs in conformance with the speedy trial rule:

> 'A motion by a defendant addressed to the specific rule provision gives the trial court the opportunity to determine whether or not the applicable time limits have elapsed. It also enables the court in appropriate cases to find as a fact whether or not any excluded periods apply and to make a record of such rulings for possible appellate review.'

*Id.* at 600 (quoting *State v. Barton*, 28 Wn. App. 690, 693-94, 626 P.2d 509, *review denied*, 95 Wn.2d 1027 (1981)). The *Greenwood* court echoed this concern, observing that the waiver provision "places responsibility on the defense to assert a timely objection to the date of arraignment." *Greenwood*, 120 Wn.2d at 613. The only exception identified in *Greenwood* is in situations where the time for trial has completely elapsed.

*Bernhard* did not extend the exception identified in *Greenwood*. We reject Parker's invitation to extend it to situations where the time for trial is very close to being expired. Given the complexity of the speedy trial rule and the fact that requiring a defendant to raise a timely objection is not especially burdensome, a bright-line rule is the better approach.

■ Because at least one day remained in Parker's speedy trial period even by her own calculation, it was not too late to ask the trial court to set the constructive arraignment date; to determine whether a speedy trial was still possible; and to make a record of these rulings for possible appellate review. Because Parker did not raise her *Striker* objection on the date of arraignment, she waived it. The date of Parker's actual arraignment (April 21) is conclusively established as the starting point for her time for trial calculation. Her trial occurred within the time permitted by the rule. The trial court did not err in denying her motion to dismiss.

Affirmed.

COLEMAN and APPELWICK, JJ., concur.

Review denied at 142 Wn.2d 1002 (2000).