# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

# DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 60583-0-II |
| Respondent, | |
| v. | |
| DAINE DWAYNE WALKER, | UNPUBLISHED OPINION |
| Appellant. | |

MAXA, J. – Daine Walker appeals his conviction of felony driving while under the influence. The State initially charged Walker with felony physical control of a vehicle while under the influence, but after trial started the State amended the information to add a charge of felony driving under the influence. The State did not produce the arresting officer's dash cam video until after the trial began.

We hold that (1) Walker failed to preserve his argument that his convictions should be dismissed under CrR 8.3(b) based on State mismanagement regarding the late amended information and late discovery because he did not move for dismissal under CrR 8.3(b) in the trial court, (2) the trial court did not err when it permitted the State to amend the information under CrR 2.1(d) because the new charge included elements that already were inherent in the original charges, (3) the trial court did not err in failing to order a mistrial based on the late

disclosure of the dash cam video because Walker did not move for a mistrial, and (4) we reject Walker's cumulative error argument because he does not establish any error. Accordingly, we affirm Walker's conviction.

FACTS

*Background*

In the early morning hours of January 23, 2022, Washington State Patrol Trooper Jamon York responded to a report of a disabled vehicle blocking the roadway near an intersection. When York arrived at the scene, he found a vehicle blocking a left turn lane. The vehicle was still running and was in drive. Walker was in the driver's seat slumped over the steering wheel. After York pounded on the window for 15 to 20 seconds, Walker woke up.

During his interactions with Walker, York observed several signs suggesting that Walker was on drugs. After questioning Walker, conducting various field tests, and finding drug paraphernalia in Walker's pockets, York arrested Walker and obtained a search warrant for a blood draw. The blood tests showed the presence of Fentanyl, amphetamine, and methamphetamine in Walker's blood. A records check revealed that Walker had three prior driving under the influence convictions.

The State charged Walker with felony physical control of a vehicle while under the influence, failure to have an ignition interlock, and third degree driving on a suspended license. Under RCW 46.61.504, [1] the physical control charge required the State to prove that Walker had actual physical control of a motor vehicle while under the influence of or affected by intoxicating

---

[1] This statute was amended in 2022 and 2024. Because the amendments are not relevant to this appeal, we cite to the current version of the statute.

liquor or any drug. And the driving on a suspended license charge required the State to prove that Walker had been driving the vehicle. RCW 46.20.342(1).[2]

*Motion to Amend Information*

After multiple continuances, Walker's trial was set to start on September 3, 2024. At that time, Walker's time-for-trial period was set to expire on September 25. The trial started on September 3.

On September 4, the day jury selection was supposed to begin, the State moved to amend the information. The second amended information included the felony physical control of a vehicle while under the influence charge, omitted the failure to have an ignition interlock and third degree driving on a suspended license charges, and added a felony driving under the influence charge. The new charge required the State to prove that Walker had driven the vehicle while under the influence of or affected by intoxicating liquor or any drug. RCW 46.61.502(1).[3]

Walker objected to the amendment. He argued that the amendment was untimely and prejudicial because preparing for the new charge would force him to choose between having a fair trial and his right to a speedy trial. He also asserted that the physical control and driving under the influence offenses were distinct because (1) one charge required control of the vehicle but the other charge required proof of a new element, namely driving the vehicle; and (2) he could not assert the defense of having moved the vehicle safely off the roadway available to him in the physical control charge with respect to the new charge. *See* RCW 46.61.504(2). Walker

---

[2] This statute was amended in 2023. Because the amendments are not relevant to this appeal, we cite to the current version of the statute.

[3] This statute was amended in 2022 and 2024. Because the amendments are not relevant to this appeal, we cite to the current version of the statute.

did not assert that the late amendment was the result of arbitrary action or governmental misconduct under CrR 8.3(b) and did not move to dismiss the case based on CrR 8.3(b).

The State argued that it could amend the information under CrR 2.1(d)(2), because there was not yet a verdict or finding of guilt and the amendment was not prejudicial to Walker. The State contended that the new charge was almost identical to the original charge and that it was based on the already existing discovery, the same facts, and the same circumstances. The State also asserted that any defense that previously was available to Walker was still available and that no new defenses could arise from the amendment.

The trial court granted the State's motion to file the amended information.

*Late Production of Dash Cam Video*

The next day, immediately after York testified in a CrR 3.5 hearing but before the State's opening statement, the prosecutor advised the trial court that York had just provided the State with a copy of a 57 minute long dash cam video of the incident. The prosecutor explained that they previously had requested this video from the Washington State Patrol several times but that they had been unresponsive. The prosecutor stated that they had provided Walker with a copy of the video and asked to be able to show the video to the jury or, alternatively, that the court preclude Walker from arguing that the State was attempting to hide the video evidence.

Walker objected to the admission of the video. He argued that he had not had time to review it because he had just received it that morning in court. The prosecutor responded that exclusion of the evidence was an extraordinary remedy for late discovery and that the proper remedy would be a continuance to allow for a recess during which Walker could review the video.

Walker responded,

> Stating that a continuance would be the remedy I don't think is, in fact, true in this case. At this point the jury's been impaneled. We've started the trial. Again, *if he's forced to ask for a continuance, that's a Hobson's choice.* All right. *We have to declare a mistrial,* and then do this because the evidence was late. So I don't think that . . . there's a remedy.

Rep. of Proc. (RP) at 86 (emphasis added). Walker did not move to dismiss the case under CrR 8.3(b) or make a mistrial motion.

The trial court reserved its ruling on the State's motion to admit the video until after York's testimony. But it stated that it was "incredibly unfair to expect someone to watch nearly an hour's worth of video and digest whether it's helpful, harmful, or neutral." RP at 87. The State asked the court to prohibit Walker from making statements that could mislead the jury into thinking that the State was intentionally keeping the defense from seeing the video. The State agreed that Walker could elicit testimony that there was a dash cam video but that he did not have the video.

*Trial*

York testified to the facts set out above. During cross-examination Walker asked York if his vehicle was equipped with a dash cam. York responded that his vehicle had a dash cam. The State did not object.

Walker later questioned York about what substance he found in the drug paraphernalia, and York responded that Walker had told him that it was heroin. Walker then asked York if that statement was in his report. York responded that he did not know if it was in the report but that it was in the video. Walker immediately objected and asked for a hearing outside of the jury's presence.

5

Walker's counsel objected to York's mention of the video and moved for a mistrial because the reference to the video was overly prejudicial. Walker did not argue that the error amounted to governmental misconduct.

The prosecutor responded that a mistrial was not appropriate because the State had not elicited this testimony and the error could be cured if the trial court instructed the jury to disregard the mention of the video or struck that portion of York's testimony.

The trial court denied Walker's request for a mistrial. Instead, the court decided to strike York's response. At this point, the court also denied the State's motion to admit the video. The court instructed the jury to disregard York's last answer.

In addition to York's testimony, the State presented testimony establishing that the blood tests showed the presence of drugs in Walker's blood And the parties stipulated that Walker had three prior driving while under the influence convictions.

Walker did not present any witnesses.

*Verdict*

The jury found Walker guilty of physical control of a vehicle while under the influence and driving under the influence. The trial court later vacated the physical control conviction to avoid double jeopardy. Walker appeals his conviction.

ANALYSIS

A.    DISMISSAL UNDER CrR 8.3(b)

Walker argues that this case should be dismissed under CrR 8.3(b) because of the State's late amended information and late disclosure of the dash came video. We decline to consider this argument raised for the first time on appeal.

CrR 8.3(b) permits the trial court to dismiss a criminal prosecution under certain circumstances:

> The court, in the furtherance of justice, after notice and hearing, may dismiss any criminal prosecution due to arbitrary action or governmental misconduct when there has been prejudice to the rights of the accused which materially affect the accused's right to a fair trial. The court shall set forth its reasons in a written order.

However, the trial court record shows that although Walker objected to the amendment of the information and to the late disclosure of the dash cam video, he did not move to dismiss the case under CrR 8.3(b) or on any other grounds.

RAP 2.5(a) provides that appellate courts "may refuse to review any claim of error which was not raised in the trial court." We generally decline to address a CrR 8.3 claim raised for the first time on appeal. *See State v. Kone,* 165 Wn. App. 420, 434-35, 266 P.3d 916 (2011) (holding that a new basis for dismissal under CrR 8.3(b) not presented to the trial court would not be considered on appeal); *State v. Nowinski*, 124 Wn. App. 617, 630, 102 P.3d 840 (2004) (same); *see also State v. Basra*, 10 Wn. App. 2d 279, 286, 448 P.3d 107 (2019) (holding that a CrR 8.3(b) motion to dismiss no longer is available post judgment).

We will consider an argument for the first time on appeal if the claimed error is a manifest error affecting a constitutional right. RAP 2.5(a)(3). But the appellant has the burden of demonstrating that the error was manifest constitutional error. *State v. Troutman*, 30 Wn. App. 2d 592, 601, 546 P.3d 458, *review denied*, 3 Wn.3d 1016 (2024). Walker does not address RAP 2.5(a).

Walker argues that he made an adequate record to support a motion to dismiss, and declining to consider his argument on appeal would constitute form over substance. But nothing in the record suggests that Walker was asking the trial court to dismiss the case based on State mismanagement.

More specifically, Walker alleges that he moved for a mistrial based on the late disclosure of the dash cam video, and that motion should be viewed as a motion to dismiss under CrR 8.3(b). Even if he did move for a mistrial (discussed below), a mistrial motion is not the same as a motion to dismiss under CrR 8.3(b).

We hold that Walker failed to preserve this CrR 8.3(b) argument because he did not move to dismiss under CrR 8.3(b) in the trial court. Therefore, we decline to address the argument.

B.      AMENDMENT OF INFORMATION

Walker's brief could be construed as arguing that the trial court erred when it permitted the State to amend the information to add the driving under the influence charge. We disagree.

1.      Legal Principles

CrR 2.1(d) provides that the State may amend an information any time before the verdict or finding if the amendment does not prejudice the defendant's substantial rights. These substantial rights include the right to effective representation by counsel and the right to speedy trial. *State v. Purdom*, 106 Wn.2d 745, 748-49, 725 P.2d 622 (1986); *State v. Earl*, 97 Wn. App. 408, 410, 984 P.2d 427 (1999). Generally, the type of prejudice contemplated is whether the amendment leaves the defendant without time to prepare a defense. *State v. Murbach*, 68 Wn. App. 509, 512, 843 P.2d 551 (1993). When the amendment occurs before the State rests its case, the defendant bears the burden of demonstrating any prejudice.[4] *State v. Brooks*, 195 Wn.2d 91, 98, 455 P.3d 1151 (2020).

---

[4] Walker incorrectly asserts that under *State v. Pelkey*, 109 Wn.2d 484, 488, 745 P.2d 854 (1987), once the trial commences the State can amend the information only to a lesser included or lesser degree offense. But the rule in *Pelkey* applies after the State rests its case-in-chief, not, as is the case here, immediately after trial commences. *State v. Gehrke*, 193 Wn.2d 1, 14, 434 P.3d 522 (2019) ("[T]he *Pelkey* rule does not apply in the midst of the State's case in chief.").

We review for an abuse of discretion the trial court's decision to grant a motion to amend the information. *Id.* at 96. An abuse of discretion occurs if the trial court's decision is manifestly unreasonable or based on untenable grounds or reasons. *Id.* at 97.

### 2. Analysis

Walker argues that the trial court erred by permitting the information to be amended to include the driving under the influence charge because he did not have enough time to prepare a defense to the new charge before the trial started and his speedy trial rights would have been compromised if he had to request a continuance to adequately prepare.

" 'Where the principal element of the new charge is inherent in the previous charge[s] and no other prejudice is demonstrated, it is not an abuse of discretion to allow amendment on the day of trial.' " *State v. Brown*, 55 Wn. App. 738, 743, 780 P.2d 880 (1989) (quoting *State v. Gosser*, 22 Wn. App. 428, 435, 656 P.2d 514 (1982)). Here, the new charge involved the same witnesses, the same facts, the same time period, and most of the same elements alleged in the physical control charge. In addition, the new charge involved the same driving element alleged in the driving on a suspended license charge. Therefore, Walker has not shown that he would have been substantially prejudiced by an inability to prepare an adequate defense.

Accordingly, we hold that the trial court did not abuse its discretion by allowing the State to amend the information under CrR 2.1(d).

## C. DASH CAM VIDEO

Walker's brief could be construed as arguing that the trial court erred when it failed to order a mistrial based on the State's late disclosure of the dash cam video. The State responds that Walker did not move for a mistrial based on the State's late disclosure of the video. We agree with the State.

9

When the State moved to admit the video, Walker objected. The State responded that exclusion of the evidence was an extraordinary remedy and that a continuance to allow Walker to review the evidence was the appropriate remedy for the late disclosure of this evidence. Walker responded that because the delay would require him to choose between a timely trial or a fair trial, "if [Walker's] forced to ask for a continuance . . . [w]e have to declare a mistrial." RP at 86.

The trial court ultimately did not continue the case to allow Walker to review the video and excluded the video. And Walker did not move for a mistrial based on the late disclosure of the video. Therefore, we reject Walker's argument.

D.    CUMULATIVE ERROR

Walker argues that the cumulative effect of the State's mismanagement requires reversal. We disagree.

Under the cumulative error doctrine, a defendant "must show that while multiple trial errors, 'standing alone, might not be of sufficient gravity to constitute grounds for a new trial, the combined effect of the accumulation of errors most certainly requires a new trial.' " *State v. Clark*, 187 Wn.2d 641, 649, 389 P.3d 462 (2017) (quoting *State v. Coe*, 101 Wn.2d 772, 789, 684 P.2d 668 (1984)). But Walker has not demonstrated any error. Therefore, we hold that the cumulative error doctrine is inapplicable.[5]

---

[5] In his cumulative error argument, Walker characterizes York's testimony in which he mentioned the video as error. But Walker does not present any argument related to this alleged error. " 'Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration.' " *State v. Munoz-Hernandez*, 35 Wn. App. 2d 127, 142, 574 P.3d 136 (quoting *Brownfield v. City of Yakima*, 178 Wn. App. 850, 876, 316 P.3d 520 (2014)), *review denied*, 5 Wn. 3d 1024 (2025); RAP 10.3(a). Accordingly, we do not address whether York's testimony mentioning the video or the trial court's decision to strike this testimony was error.

CONCLUSION

We affirm Walker's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
MAXA, J.

We concur:

_____
VELJACIC, C.J.

_____
CHE, J.